HAZAK, INC., Appellant, v. ROBERTSON GOETZ BUILDING CO., INC., METRO-POLITAN DEVELOPMENT CO., INC., FEDERAL OPERATING CORPORATION, ROBERT L. GOETZ and ISIDORE FINKELSTEIN, Respondents, and Others, Defendants.— Action to recover treble damages for trespass upon plaintiff's land by reason of respondents' entry thereon and the cutting down of a terrace and removal of soil therefrom. Plaintiff appeals (1) from an order dated June 14, 1940, denying plaintiff's motion to review and disallow the taxation of costs, and to vacate the dismissal of the complaint as to respondents; (2) from so much of an order dated July 23, 1940, as denied plaintiff's motion for permission to renew his prior motion and to resettle the order dated June 14, 1940; and (3) from the amended judgment entered July 23, 1940, which dismissed plaintiff's complaint as to respondents, with costs. Amended judgment reversed on the facts and a new trial granted, with costs to appellant to abide the event, upon payment by appellant to respondents, within ten days from the entry of the order hereon, of the sum of $117.70 costs as taxed. The learned trial justice, in refusing to grant a mistrial on plaintiff's motion, improperly exercised the discretion vested in him. The appeals from the two orders are dismissed, without costs, as academic. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

GERTRUDE HOFFMAN, an Infant, by Her Guardian ad Litem, LOUIS HOFFMAN, and LOUIS HOFFMAN, Individually, Appellants, v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY and EDWARD J. BRADY, Respondents.— In an action by the infant plaintiff to recover damages for injuries sustained by reason of defendant Brady's alleged negligence in the operation of his truck, and by her father for loss of services and medical expenses, order denying plaintiffs' motion for a new trial upon the ground of newly-discovered evidence unanimously affirmed, with costs to respondent Brady, with leave to the plaintiffs, however, to renew the motion upon a case duly settled as provided in Civil Practice Rule 221. No opinion. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

In the Matter of the Petition of the COUNTY OF SUFFOLK for the Purpose of Acquiring the Lands in the Town of Brookhaven, Suffolk County, New York, Required to Lay Out, Widen and Relocate the Highway Known as Horseblock Road, County Road No. 56 and Portion Road, County Road No. 19 (Known as F. A. S. 1133), Part 2. WILLIAM E. SKILLMAN, Appellant; COUNTY OF SUFFOLK, Respondent.— Claimant William E. Skillman, in this proceeding for the condemnation of real property for public use, appeals (1) from that part of an order which directs the payment of the award made in respect to Damage Parcel No. 122-R, 3 A. & B, to the Bellport Suburban Investing Corporation (in the order described as Bellport Suburban Investment Corporation); and (2) from another order denying the same claimant's motion to direct that such award be made payable to claimant William E. Skillman. Orders of the County Court of Suffolk County, in so far as appealed from, affirmed, with one bill of ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.